FILED
Mar 06, 2023
02:39 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| JIAN DI YAN, | ) | **Docket No. 801034-2022** |
| **Employee,** | ) | |
| v. | ) | **State File No. 2022-06-1442** |
| | ) | |
| NENG YUAN LAN, d/b/a CHINA KING, | ) | **Judge Joshua D. Baker** |
| **Employer.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
_____

The Court held an expedited hearing on February 23, 2023, to consider Mr. Yan's request for benefits from China King's owner, Neng Lan. Due to insufficient evidence that Mr. Yan was an employee and that China King was an employer, the Court denies his request.

### Claim History

Mr. Yan alleged he burned his right foot when changing hot oil in a leaky fryer while working in China King's kitchen on May 25, 2022.[1]

He visited a local emergency room on May 25 with his right foot severely burned. After a couple of weeks of treatment, medical staff noted that he wanted to return home to New York. In that same June 14 record, a physician's assistant recounted that Mr. Yan's injury had happened "while at his friend's house" in White House, Tennessee, and she attributed the following account to Mr. Yan: "He states that he was cooking with hot oil and his friend told him not to move it yet as it was still hot however he did not wake [sic] long enough for it to cool down in [sic] it spilled on his foot."

---

[1] Mr. Yan is not proficient in English but used English on his petition. Bureau staff apparently misread his handwriting and typed his injury date as "01/21/2022." However, Mr. Yan testified through an interpreter that the accident occurred on May 25, and his hospital visit that day supports this assertion.

1

In New York, four days later, medical staff noted in a June 18 record that Mr. Yan injured himself "by hot oil at home yesterday." However, the same record also recorded his injury as an "arm skin burn" rather than as a burn to his foot.

While Mr. Lan argued these discrepancies in medical records revealed deception, Mr. Yan claimed Mr. Lan had interpreted for him and intentionally misled medical staff to disguise a work injury as an at-home accident. Mr. Yan also claimed the records from this visit were forwarded to New York, where the lie perpetuated. Mr. Lan insisted he did not take Mr. Yan to the hospital, did not interpret for him, and did not witness or know about his injury.

The most significant evidence came from the two men's testimony, and they only agreed that Mr. Lan gave Mr. Yan money and had evicted him from his home.

Mr. Yan said he worked for China King intermittently, receiving unreported income through a personal check in August 2020 and then through near-monthly deposits into his bank account or wire transfers to his family in China from October 2020 through May 2022. He estimated he had received about fifty to sixty thousand dollars as wages and said two of his co-workers also received unreported income. Additionally, Mr. Lan paid some of his living expenses, like his car insurance, and let him stay at his home. But then Mr. Lan evicted him for seeking help for his work injury, so he returned home to New York.

Mr. Lan's explanation for sending the money differed considerably, and he estimated the amount as roughly ten thousand, not fifty or sixty. Rather than wages, he portrayed the money as a loan to help his cousin, Mr. Yan, who gambled heavily and frequently needed financial help.

Mr. Lan testified he received a call from Mr. Yan on May 26, saying he had a severe burn injury and needed somewhere to stay. Mr. Lan allowed him to stay in his home until June 12, when Mr. Yan set off the smoke alarm at midnight by smoking marijuana, which angered Mrs. Lan and sparked a terrible argument.

The two men disputed their relationship to one other, including whether they are even related. Mr. Yan maintained he worked at the restaurant as an employee and has no relationship to Mr. Lan's family. However, he did not describe any specific job duties or give any other details, except that he sometimes brought food for lunch.

Mr. Lan admitted they often ate lunch together before their argument, but he denied that Mr. Yan ever worked for China King. Rather, Mr. Yan visited the restaurant frequently only because he is his cousin on his mother's side. She was an instrumental part of China King's operation, as one of only three employees. He said Mr. Yan never told him where he worked, only saying he worked nearby, and he never said where he had injured himself.

2

China King submitted tax forms showing it reported wages for three employees in 2021 and 2022: Nengyi Lan, Chunhua Zhu, and Yujia Tang. Mr. Lan said these three people were the restaurant's only employees.

## Findings of Fact and Conclusions of Law

Mr. Yan need only present sufficient evidence at this stage that he would likely prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Under Workers' Compensation Law, an employee is defined as someone "in the service of an employer, as employer is defined in subdivision (11), under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(10)(A). An employer is defined as using "the services of not less than five (5) persons for pay[.]" Tenn. Code Ann. § 50-6-102(11).

This case is plagued by directly opposing but somehow interconnected storylines. What one said, the other denied: right down to whether they are even related. Maybe the truth lies somewhere down the middle.

Mr. Yan's testimony is the only evidence that China King employed him. Although he testified that China King also paid two other people unreported income, he did not subpoena them to testify, nor did he subpoena anyone else to testify that he worked at China King.

Mr. Lan refuted Mr. Yan's testimony with his own testimony, admitting he gave Mr. Yan money but not for working at China King. Further, Mr. Lan testified that China King had never employed five or more people, and tax forms supported that assertion.

As the alleged employee, it is Mr. Yan's burden to prove he was an employee, and that China King was an employer under Workers' Compensation Law. However, he did not present sufficient evidence for the Court to find he is likely to prevail in proving that employment relationship at a final hearing. Therefore, his request for benefits is denied at this time.

**It is ORDERED** as follows:

1. The Court denies Mr. Yan's requested relief at this time.

2. The parties shall complete written discovery on or before **April 21, 2023.**

3. The Court sets this claim for **a status conference on May 8, 2023, at 9:30 a.m.**

**Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation. Mr. Lan's attorney must arrange for a Court-certified or registered interpreter.

**ENTERED March 6, 2023.**

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:

1. Rule 72 Declaration of Yan Jian Di
2. Medical Records
3. Financial Records from China King
4. UEF Report

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Motion to Dismiss
5. Order Denying Motion to Dismiss

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on March 6, 2023.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Yan Jian Di, Employee | | | X | 450692677@qq.com |
| Joe Weyant, Employer's Attorney | | | X | jweyantesq@gmail.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation

www.tn.gov/workforce/injuries-at-work/

wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*